IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM HARRIS,                          )
                                         )   Civil Action No. 05-279
                    Plaintiff,           )
                                         )   Judge Terrence F. McVerry/
         v.                              )   Magistrate Judge Lisa Pupo
                                         )   Lenihan
Dr. MICHAEL JOSEPH HERBIK, ROBERT        )
TRETNIK, R.N, CHCA, NEAL MECHLING,       )   Re:  Doc. 31
Superintendent, CAROL SCIRE, Super-)
intendent Assistant, DARLENE             )
LINDERMAN, Mailroom Supervisor,          )
CHARLES MARTIN, Security                 )
Lieutenant, and LINDA D. HARRIS,         )
Deputy Superintendent,                   )
                                         )
                    Defendants.          )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that the Defendants' Motion to Dismiss be denied and that Defendant's motion for more definite statement be denied. It is further recommended that pursuant to the screening provisions of the PLRA, Plaintiff's Fourteenth Amendment substantive and procedural due process claims as well as his Fifth Amendment claims against Dr. Herbik be dismissed sua sponte for failure to state a claim.

### REPORT

William Harris ("Plaintiff") is currently incarcerated in the State Correctional Institution at Somerset ("SCI-Somerset"). At the time of the events complained of in the complaint, Plaintiff was housed in SCI-Fayette. Named as one of the Defendants is Michael

Joseph Herbik, D.O., who has filed the instant motion to dismiss/for more definite statement. At the time of the events complained of in the complaint, Defendant Herbik was a doctor at SCI-Fayette. Plaintiff alleges that, shortly after Plaintiff's transfer to SCI-Fayette, and without ever examining Plaintiff, Doctor Herbik caused him to suffer from an episode of vertigo, when Dr. Herbik ordered that Plaintiff's medication for his vertigo condition be decreased. Doc. 13-1 at ¶ 3. As a consequence, Plaintiff alleges that he suffered nausea, vomiting, headaches, and a staggering gait. Doc. 13-1 at ¶ 3.

In addition, Plaintiff complains that Dr. Herbik changed his medication for his degenerative joint disease in both knees and denied Plaintiff previously ordered knee braces. Doc. 13-1 at ¶ 4. This allegedly resulted in Plaintiff suffering unnecessary pain and edema.

Lastly, Plaintiff complains that, on January 28, 2004, Dr. Herbik, during Plaintiff's annual physical exam, coerced Plaintiff into submitting to a digital rectal exam, falsely telling Plaintiff that it was required despite the prostate screening test returning negative results, i.e., showing no prostate problem. Plaintiff alleges that there is no such requirement imposed by the Department of Corrections and Dr. Herbik lied about the alleged requirement. In addition, Plaintiff alleges that this digital rectal exam by Dr. Herbik constituted an act of indecent sexual contact. Plaintiff suffered emotional distress as a result, which lead to him not working for two days at his prison job.

Plaintiff alleges that the foregoing reveals violations of his Eighth amendment rights to be free of cruel and unusual punishment as well as his Fifth and Fourteenth Amendment due process rights. Doc. 13-1 at ¶ 5.

**A. Relevant Procedural History**

Plaintiff, a prisoner, both at the time of initiating this suit and presently, is proceeding in forma pauperis ("IFP"), Doc. 2. Plaintiff's motion requesting IFP status was docketed on March 3, 2005. The original complaint was filed March 9, 2005. Doc. 3. Plaintiff then filed an amended complaint on April 20, 2005. In June 2005, Plaintiff filed a motion for temporary restraining order. Nothing further occurred in this case until November 14, 2005 when Plaintiff filed a motion for leave to file a supplemental complaint. In December 2005, Plaintiff filed a motion for a physical exam. Doc. 8. In January 2006, the court entered an order striking Plaintiff's motion for a temporary restraining order and denying Plaintiff's motion for leave to file a supplemental complaint. Doc. 9. This was done in part because the court's case file containing all of the filings, i.e., Doc. Nos. 1-6, was lost. In that same order, the court directed Plaintiff to file a new complaint which the court referred to as a "Second Amendment Complaint" that contained all of the claims he wished to bring. Furthermore, in that same order, the court specifically directed that the Second Amended Complaint "shall be filed no later than February 28, 2006 and, for the purposes of any

3

statute of limitations, it [i.e., the Second Amended Complaint] shall be deemed to relate back to the date of Plaintiff's filing of his motion for leave [to file the supplemental complaint, i.e.], November 14, 2005." The court now realizes that the portion of the order, directing that the Second Amended Complaint would, for statute of limitations purposes be deemed to have been filed on November 14, 2005, was erroneous, at least in part. To the extent that the claims Plaintiff would include in the Second Amended Complaint were also contained in the original complaint that was formally filed on March 9, 2005, those claims should be deemed to have been filed, for statute of limitations purposes, on March 3, 2005, at the latest.[1] The order would be correct to the extent that the claims Plaintiff would include in the Second Amended Complaint were not also included in the original complaint **and** to the extent that such claims did not qualify for relating back to the filing of the original complaint under Fed.R.Civ.P. 15(c).

After the Court issued its order directing Plaintiff to file a

---

[1] The court says "at the latest" because the prisoner mail box rule would likely permit the complaint to have been deemed filed on the date the Plaintiff executed either the original complaint or his IFP motion, in the absence of evidence as to when Plaintiff gave either the IFP motion or the original complaint to the prison authorities for mailing. Cromwell v. Keane, 27 Fed.Appx. 13, 14 (2d Cir. 2001)("In the absence of other evidence regarding the date on which Cromwell's petition was handed to prison officials for mailing, we consider his petition to have been filed on September 2, 1997, the date on which petitioner signed his in forma pauperis application. *See Rhodes v. Senkowski*, 82 F.Supp.2d 160, 165 (S.D.N.Y.2000) (collecting cases).").

new complaint that contained all of the Plaintiff's claims, Plaintiff
filed on February 16, 2006, a motion for leave to file a second
amended complaint.  Doc. 11.  Attached to that motion was a proposed
complaint that only included allegations against Harry Wilson, the
Superintendent of SCI-Fayette.  The following day, the court entered
an order "granting" Plaintiff leave to file a second amended complaint
but the court also explained to Plaintiff that the proposed complaint
attached to his motion was inadequate to stand as the second amended
complaint because it failed to contain **all** of his claims.  Doc. 12.
In that same order, the court directed Plaintiff to file a second
amended complaint that contained **all** of his claims.  In that order,
the court repeated its error of deeming all claims that were included
in the second amended complaint to have been filed on November 14,
2005 for statute of limitations purposes.  To the extent that those
two orders directing that the filing date of the operative complaint
would be November 14, 2005 are inconsistent with the analysis herein,
they are vacated in part.

    Finally, on March 7, 2006, Plaintiff filed a complaint, Doc. 13,
which is "the operative complaint" in this case and will be referred
to as such.  The following day the court ordered that the U.S.
Marshals mail to the defendants named in the operative complaint a
request to waive service of the summons.  On April 11, 2006, the
waiver of service was returned executed on behalf of Dr. Herbik.  Doc.
22.  Defendant Herbik then filed a combined motion to dismiss and a

motion for more definite statement, Doc. 31, and a brief in support. Doc. 32. That motion to dismiss was filed pursuant to Fed.R.Civ.P. 12(b)(5) and (6).   The court entered an order directing Plaintiff to file a response to the motion to dismiss and giving Defendant Herbik an opportunity to file a reply to Plaintiff's response.   Doc. 36. Plaintiff filed his brief in opposition to the motion to dismiss. Doc. 37.

### B.   Defendant Herbik's Rule 12(b)(5) Motion to Dismiss

Defendant Herbik has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(5), a motion seeking dismissal based upon the insufficiency of the service of process.   Specifically, Defendant Herbik complains that the Plaintiff did not effectuate service of process upon Defendant Herbik within the 120 days provided by Fed.R.Civ.P. 4(m).   Rule 4(m) provides that

> **Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Defendant further notes that it is the burden of the Plaintiff to assure service of process, citing in support thereof Fed.R.Civ.P. No. 4(c)(1) which provides, in relevant part that the "plaintiff is responsible for service of a summons and complaint within the time

allowed under subdivision (m)."

Defendant argues that because Plaintiff was responsible for assuring service was effectuated within 120 days of the date this case was commenced[2] and because service was not effectuated within that time frame, "all claims against Dr. Herbik should be dismissed because Plaintiff failed to properly effectuate service."  Doc. 32 at 6 to 7.

The Court is not convinced.  The Court of Appeals has explained the analysis to be applied under Rule 4(m) as follows:

> when entertaining a motion to extend time for service, the district court must proceed in the following manner. First, the district court should determine whether good cause exists for an extension of time.  If good cause is present, the district court must extend time for service and the inquiry is ended.  If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.

Petrucelli v. Bohringer and Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995).  The first point is to determine whether good cause exists to excuse Plaintiff's failure to serve the complaint or to cause to be served the complaint within 120 days of its filing.[3]  In making this

_____

[2]  Although Defendant argues that service was required within 120 days of the suit being commenced, i.e., the filing of the IFP application, the language of Rule 4(m) requires service of the complaint within 120 days of the complaint being filed, which, in this case, was not until March 9, 2005.  Robinson v. America's Best Contacts and Eyeglasses, 876 F.2d 596 (7th Cir. 1989)(holding complaint is filed when clerk stamps complaint filed and dockets it as filed and 120 day period of Rule 4(m) begins to run then).  Regardless, the complaint was not served within 120 days of that date either.

[3]  Of course, given the language of Petrucelli, to wit, "when entertaining a motion to extend time for service" the

7

determination, we are guided by <u>Petrucelli</u> again, wherein the court explained that "good cause" has been equated with "excusable neglect" which requires a "demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." <u>Petrucelli</u>, 46 F.3d at 1312.

The court finds both of these requirements met in the present case on the basis of the record before the court. Plaintiff has demonstrated his good faith by attempting diligently to move this case forward after he filed his complaint, by filing several motions to amend the complaint, by complying with the court's order to file a second amended complaint that contained all of his claims, by promptly providing the court and/or Marshals with instructions for where to send the requests for waivers of service.  In addition, the court notes that shortly after the second amended complaint was filed, i.e., Doc. 13, on March 7, 2006, Defendant Herbik, in fact, executed the

---

objection arises that presently, we are not entertaining a motion
filed by Plaintiff to extend the time for service.  While this is
true, given that Rule 4(m) provides that "the court, upon motion
or **on its own initiative** after notice to the plaintiff, shall . .
. direct that service be effected within a specified time"
(emphasis added), this court finds that it may sua sponte apply
<u>Petrucelli</u>'s analysis notwithstanding the fact Plaintiff did not
file a motion requesting an extension of time and notwithstanding
that the court did not previously provide notice to Plaintiff
that it would grant an extension of time in which to effectuate
service. <u>See</u>, <u>e.g.</u>, <u>Bailey v. Harleysville Nat. Bank & Trust Co.</u>,
No. Civ.A.04-1541,  2005 WL 174843 (E.D.Pa. Jan. 6, 2005)
(applying the <u>Petrucelli</u> factors, even though Plaintiff had not
filed a motion to extend time and exercising its discretionary
power to retroactively grant an extension of time in which to
serve the complaint back to the date the complaint was actually
served on the defendants).

waiver of service on April 11, 2006.  Doc. 22.

As for some reasonable basis for noncompliance, the court finds that the combination of facts in this case, including, inter alia, the fact that the case file was lost, and that no service order was issued by the court until after the second amended complaint was filed, nearly one year after the original complaint in this case was filed, and the status of the plaintiff as a pro se prisoner, proceeding IFP, all combine to support a finding of a reasonable basis.  Hence, the court finds that there is good cause to extend the time for service of the complaint and sua sponte grants nunc pro tunc, the plaintiff an extension of time in which to serve the complaint; the extension being granted until June 22, 2006.[4]   See, e.g.  Bailey v. Harleysville Nat. Bank & Trust Co., No. Civ.A.04-1541,  2005 WL 174843 (E.D.Pa. Jan. 6, 2005)(applying the Petrucelli factors, even though Plaintiff had not filed a motion to extend time and exercising

---

[4]  This is the date on which the other defendants filed their answer.  They never filed a Rule 12(b)(5) motion and their filing of an answer, raising no issue as to the sufficiency of service, waives the issue of insufficiency of service, if any such issue existed.  See, e.g., Kersh v. Derozier, 851 F.2d 1509, 1511 (5th Cir. 1988) ("Troup, however, moved to dismiss only after it had filed an answer in which it did not assert defect in service as a defense. Under Rule 12(h)(1)(B), the defense of insufficient service of process is waived unless made in a party's first responsive pleading . . . ."); Faber v. United States, 69 F.Supp.2d 965, 967 (W.D. Mich. 1999) (the court holding the issue of inadequate service was waived because "[o]bjections to service must be made in the first responsive pleading in order to operate as a device for dismissal. See Fed.R.Civ.P. 12(b)(5). The government made no objection to the inadequacy of service in its motion for summary denial.").

its discretionary power to retroactively grant an extension of time in which to serve the complaint back to the date the complaint was actually served on the defendants).  The court notes that Defendant Herbik was served with papers in this case on March 16, 2006.

In the alternative, even if there was no showing of good cause evident from the record in this case, this court would still retain the discretion to sua sponte grant an extension of time for service of process. Petrucelli, 46 F.3d at 1305 ("We read the new rule [i.e, the present version of Rule 4(m))] to require a court to extend time if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause.").  In exercising that discretion and considering the facts enumerated above regarding the "reasonable basis" analysis, the court should exercise its discretion to sua sponte grant an extension of time, nunc pro tunc, in which to file the complaint; the extension being granted until June 22, 2006.

Accordingly, it is recommended that Defendant Herbik's motion to dismiss pursuant to Rule 12(b)(5) be denied.

The court needs to address one more issue in this vein.  In his Rule 12(b)(5) section of his brief in support of his motion, Defendant Herbik argues that his ability to defend this action has been irreparably prejudiced because of the loss of the original complaint. He argues that

> The "Civil Rights Complaint", which appears to be the
> current and operative pleading in this case, was filed on
> March 7, 2006. See Docket Entry, No. 13. The March 7, 2006
> pleading is the only one for which service was ever

10

> attempted. See Docket Entries 14 and 15 (March 8, 2006 orders directing Marshal to serve amended complaint). The March 7, 2006 pleading was filed 38 days after the statute of limitations had run with respect to the events occurring on January 28, 2004 [i.e., Plaintiff's claim regarding the digital rectal exam performed by Dr. Herbik on January 28, 2004] that form the basis of the Plaintiff's Fifth, Eighth and Fourteenth Amendment claims. Civil Rights Complaint, ¶ 5. Moreover, it is not clear, whether any of Plaintiff's present claims against Dr. Herbik were asserted in the initial pleadings and papers or whether Dr. Herbik was even named as a defendant in the prior pleadings. As such it is possible that Dr. Herbik should not even be a party to this action. Unfortunately, Dr. Herbik's ability to defend the assertions made against him with respect to these issues has been irreparably compromised by the absence of the court's file, which file would or should have contained Plaintiff's earlier filings and submissions to the court. On this basis, Dr. Herbik moves that he be dismissed from this action.

Doc. 32 at 7 n.1. As to Dr. Herbik's argument that it is not clear whether Dr. Herbik was even named in the original complaint filed on March 9, 2005, the Court certifies that Defendant Herbik was named as a defendant. The basis for this is the computerized docketing system maintained by the Clerk's office, which shows that Defendant Herbik was listed as a party defendant as of March 3, 2005.

As for Defendant Herbik's claim that he cannot tell what claims were raised in that original complaint, the court cannot provide a certification as to what claims were presented, however, it seems likely that the claims presented in that original complaint are the same claims as presented in the Second Amended complaint, i.e., Doc. 13, the operative complaint. A review of the proposed supplemental complaint which accompanied Plaintiff's motion for leave to file a supplemental complaint, Doc. 7, and which was filed on November 14,

2005 reveals that Plaintiff sought only to add Defendant Wilson, and strongly suggests that the original complaint included at least two of the three claims[5] that Plaintiff now makes against Dr. Herbik in the operative complaint.  See, e.g., Doc. 7 at 4-5 (complaining of lack of knee braces and "previously prescribed" orthotics and alleging that Plaintiff informed "Wilson that Defendants Herbik and Tretnik were intentionally denying me knee braces and orthopedic soles . . . Plaintiff informed Wilson that a lawsuit had been filed in District Court by Plaintiff"); id. at 7 (recounting Dr. Herbik's alleged sexual assault of Plaintiff by the digital rectal exam).  While this does not inevitably establish what claims were made in the original complaint against Dr. Herbik, it certainly provides some evidence of what likely was included in the original complaint.

Furthermore, Dr. Herbik does not identify with specificity why he was irreparably harmed, and indeed, the only irreparable harm that the court can imagine is a potential statute of limitations issue. However, Dr. Herbik would only suffer harm if Plaintiff's claims, as for example, the digital rectal exam claim was not included in the original complaint (something that on the present record seems doubtful) and that any amendment of the complaint filed subsequent to the original complaint did not contain this specific claim, as for

---

[5]  The one claim that does not appear to be referenced in the proposed supplemental complaint is the claim that Dr. Herbik changed Plaintiff's medication for vertigo without ever examining Plaintiff.

example the proposed amended complaint of April 20, 2005 (which would have been within the 2 year statute of limitations of the alleged January 28, 2004 exam), or that any subsequent amendment filed even beyond the 2 year statute of limitations for the claim did not qualify for relating back to the filing of the original complaint as provided for by Fed.R.Civ.P. 15(c).[6]

Hence, to the extent that Defendant Herbik seeks dismissal of the complaint based on any alleged prejudice he suffered from the loss of the original complaint and other filings, his claim of prejudice is at best speculative and should be denied on that ground alone.

_____

[6] In this regard, Dr. Herbik argued that Plaintiff cannot benefit from the relation back doctrine of Rule 15(c) because "[u]nder Rule 15(c)(3), relation back could only become possible if Plaintiff had actually effectuated service of the original complaint within the time permitted by Rule 4(m)." Doc. 32 at 6. Dr. Herbik would be correct if the operative complaint sought to add Dr. Herbik as a new defendant however, both the original complaint and the operative complaint named Dr. Herbik as a defendant and so Rule 15(c)(3) is not applicable here, given that the plain language of Rule 15(c)(3) applies only when "the amendment changes the party or the naming of the party." Fed.R.Civ.P. 15(c)(3). See also, Matthews v. New Century Mortg. Corp., 185 F.Supp.2d 874, 882 (S.D.Oh. 2002)("Rule 15(c)(3) provides that an amendment of a pleading **adding a party** relates back . . .") (emphasis added); Kanyi v. U.S., NO. 99CV5851, 2002 WL 1471648, *2 n.3 (E.D.N.Y. May 3, 2002)("Under Rule 15(c)(3), which governs relation back **when claims against new parties are added**. . .")(emphasis added); Jacobson v. National R.R. Passenger Corp., No. 97 C 6012, 1999 WL 1101299, *8 (N.D. Ill. Nov. 29, 1999)("Under Rule 15(c)(3), an amendment **naming a new party** will relate back to the original complaint only when . . .")(emphasis added). Here, there is no doubt that Plaintiff named Dr. Herbik in the original complaint and so the operative complaint, i.e., Doc. 13, did not "change the party or the naming of the party" and hence, the operative complaint may relate back under either Rule 15(c)(1) or (2).

The court will now turn to Dr. Herbik's motion to dismiss filed pursuant to Fed.R.12(b)(6).

**C. Motion to Dismiss Pursuant to Rule 12(b)(6)**

Dr. Herbik seeks dismissal of the complaint pursuant to Fed.R.Civ.P. 12(b)(6).  In his motion, Dr. Herbik argues that the complaint fails to state a claim upon which relief can be granted. The Court of Appeals for the Third Circuit announced the standard of review applicable to motions to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6):

> [Courts] must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). We may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).  It is the defendant who bears the burden of establishing that the complaint fails to state a claim upon which relief can be granted.  Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).  Moreover, "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case[.]"  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002).  Furthermore, "[b]ecause 'there are no special pleading rules for prisoner civil rights cases,' a complaint should not be dismissed if it specifies 'the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer.'"  Perry v. Oltmans, 106 Fed.Appx. 476, 479 (7th

14

Cir. 2004).  With these standards in mind, we evaluate the complaint and the motion to dismiss.

### 1.  Eighth Amendment Claims

The complaint alleges an Eighth Amendment claim against Dr. Herbik for changing his vertigo medication without ever examining Plaintiff, denying him previously prescribed orthotic devices and coercing Plaintiff into undergoing a digital rectal exam that was unnecessary and done for the purpose of sexual assault.

It has been held that the Eighth Amendment proscribes punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)(joint opinion of Stewart, Powell and Stevens, J.J.)).  Furthermore, the Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104 (internal quotations omitted). The Court has held that "deliberate indifference" occurs when a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Defendant Herbik argues, in his motion to dismiss, that the complaint reveals merely a disagreement with the treatment Dr. Herbik

15

rendered at least with respect to the claims concerning the vertigo medication and the denial of knee braces.  Doc. 32 at 9-10.  However, Defendant Herbik has not met his burden to show that "no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint.  Consistent with the allegations of the complaint, it could well be that Dr. Herbik knew of Plaintiff's vertigo condition, and his knee condition and concomitant need for the medication and orthotic devices but nevertheless ordered them decreased and/or discontinued potentially for a non-medical reason given the other allegations of the complaint concerning Dr. Herbik's alleged coercion of Plaintiff into agreeing to a digital rectal exam.  While the court acknowledges that this claim may be difficult to sustain in the face of a motion for summary judgment, at this stage, it is sufficient to state a claim.

## 2.  Statute of Limitations

Defendant Herbik next raises the two year statute of limitations, applicable to Section 1983 actions,[7] as a defense to the alleged sexual assault.  Defendant Herbik contends that because the operative complaint alleges that Dr. Herbik performed the digital rectal exam on January 28, 2004 and the operative complaint was not filed until March 7, 2006, the claim is time barred.  A statute of limitations defense

---

[7] See Smith v. Holtz, 87 F.3d 108, 111 n.2 (3d Cir. 1996) (statute of limitations for § 1983 is the state statute of limitations for personal injury/tort actions, which, in Pennsylvania, is 42 Pa.C.S.A. § 5524 that establishes a 2 year statute of limitation for tort actions).

may be raised in a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) only where the defense is clear from the face of the complaint. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) ("While the language of Fed.R.Civ.P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading."). Because it is not clear from the face of the complaint that this claim is time barred, the court recommends denying the motion to dismiss on the basis of the statute of limitations.

Here, Defendant Herbik asserts, without argument or citation to authority that the statute of limitations for the January 28, 2004 is to be calculated from the date that the operative complaint was filed as opposed to the date the original complaint was filed, assuming that the sexual assault claim was included in the original complaint. If the sexual assault claim was included in the original complaint, it would not be time barred. However, even if the sexual assault claim were not included in the original complaint, it is not clear from the face of the complaint that the statute of limitations bars the present suit. This is because it is entirely possible that the relation back doctrine of Fed.R.Civ.P. 15(c) could render the sexual assault claim timely. At minimum, Defendant Herbik has not carried his burden to show that no relief could be granted under any set of facts that could

17

be proved consistent with the allegations, i.e., he has not shown that the claim of alleged sexual assault would not relate back to the original complaint.[8]  Hence, his motion to dismiss this claim on statute of limitations ground should be denied.

### 3.  Fourteenth and Fifth Amendment Claims

However, Plaintiff's Fourteenth Amendment substantive due process claims against Dr. Herbik should be dismissed because the court finds that they are all barred by the doctrine of <u>Albright v. Oliver</u>, 510 U.S. 266 (1994)(plurality) and <u>Graham v. Connor</u>, 490 U.S. 386 (1989).[9]

As has been observed, the Supreme Court "has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decision making in this unchartered area are scarce and open-ended." <u>Albright v. Oliver</u>, 510 U.S. 266, 271-272 (1994) (plurality opinion).  As a result of inadequate guideposts, the

---

[8]  The court acknowledges that Dr. Herbik could be hampered in making the necessary showing under Rule 15(c) by the absence of the original complaint.

[9]  To the extent that Defendant Herbik has not raised the following grounds for dismissal, because the Plaintiff is a prisoner proceeding IFP, the court may raise them sua sponte pursuant to the screening provisions of the PLRA found at 28 U.S.C. § 1915(e).  Likewise, because Plaintiff is a prisoner challenging prison conditions, the screening provisions of 42 U.S.C. § 1997e apply.  The court's obligation to dismiss a complaint under the PLRA screening provisions is not excused even after defendants have filed a motion to dismiss. <u>See</u>, <u>e.g.</u>, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000).  Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless sua sponte rest its dismissal upon such ground pursuant to the screening provisions of the PLRA.  <u>See</u> <u>Lopez</u>.

court has limited the availability of claims under substantive due

process to those which are not covered by the legal tests and

standards under other amendments.   County of Sacramento v. Lewis, 523

U.S. 833 (1998).   The Supreme Court has described this limitation on

substantive due process claims as follows:

> *Graham* simply requires that if a constitutional claim is
> covered by a specific constitutional provision, such as the
> Fourth or Eighth Amendment, the claim must be analyzed under
> the standard appropriate to that specific provision and not
> under the rubric of substantive due process.

County of Sacramento, 523 U.S. at 843.[10]  Because all of Plaintiff's

claims against Dr. Herbik are covered by the Eighth Amendment,

Plaintiff does not have, in addition to these claims, a substantive

due process claim.   See, e.g., Woodford v. Ngo, __ U.S. __, 126 S.Ct.

---

[10]   The holding of the of Supreme Court cases in  Graham and
Albright is not that the specific amendment must apply in order
to supplant any substantive due process claim.   This is because
the specific amendment in both of those cases (i.e., the Fourth
Amendment) did not, strictly speaking, apply.   The Court in both
of those cases utilized the Fourth Amendment standards, however,
the Fourth Amendment specifically applies only against federal
government actors and not against state government actors.   See
Mapp v. Ohio, 367 U.S. 643 (1961)(making the standards of the
Fourth Amendment applicable to the states through the doctrine of
incorporation via the Fourteenth Amendment).   In both Graham and
Albright, the suits were against state actors.   Nevertheless, the
Albright and Graham courts held that because the Fourth Amendment
specifically addressed the factual situation of arrests without
probable cause (Albright) and excessive force in effectuating
arrests (Graham), the standards of the Fourth Amendment supplant
the standards of substantive due process and the claims had to be
analyzed under the Fourth Amendment standards even though the
Fourth Amendment itself did not directly apply since the
defendants being sued were state, not federal, actors.
Accordingly, the claims could not be analyzed under the more open
ended standards of substantive due process.

2378, 2402 (2006)(Stevens, J., dissenting)("inmates who are sexually assaulted by guards, or whose sexual assaults by other inmates are facilitated by guards, have suffered grave deprivations of their Eighth Amendment rights."); Smith v. Cochran, 339 F.3d 1205 (10th Cir. 2003)(analyzing allegation of sexual assault by a state supervisor against a prisoner on work release under the Eighth Amendment and finding the right to be clearly established so as to deny a qualified immunity defense).

In addition, Plaintiff appears to be alleging a procedural due process claim regarding Dr. Herbik's alleged sexual assault. Doc. 13 at 5 ("Defendant Herbik committed an act of indecent sexual contact . . . thus violating Plaintiff's constitutional rights protected by the Eighth Amendment . . . and violations of the Fifth and Fourteenth Amendments' due process clauses"). However this claim must be dismissed against Defendant Herbik for failure to state a claim upon which relief can be granted.

A procedural due process claim in this context makes little sense to this court. If Plaintiff's claim is that he has a liberty interest to be free from random acts by Defendant Herbik, i.e., the alleged sexual assault, and Herbik did not provide adequate process before depriving Plaintiff of this "liberty interest," the court is hard pressed to imagine what process (i.e., notice and an opportunity to be heard) Defendant Herbik could put in place before he deprived Plaintiff of this "liberty interest", i.e., before Herbik engaged in

20

such random behavior.  The very concept of procedural due process renders it inapt to the random acts such as Defendant Herbik's alleged sexual assault.  <u>Cf</u>. <u>Albright v. Oliver</u>, 510 U.S. at 283-84 (Kennedy, J. concurring in the judgment)("we can assume, arguendo, that some of the interests granted historical protection by the common law of torts . . . are protected by the Due Process Clause. Even so, our precedents make clear that a state actor's random and unauthorized deprivation of that interest cannot be challenged under 42 U.S.C. § 1983 so long as the State provides an adequate postdeprivation remedy.").

Moreover, even if procedural due process were applicable to this case, and even if the Defendant Herbik's acts or failures to act deprived Plaintiff of a liberty interest, Plaintiff would still have no claim under procedural due process because the Commonwealth of Pennsylvania provides an adequate post deprivation remedy in the forms of the DOC grievance system and/or a state law tort suit against the Defendant Herbik for battery[11] or assault and hence adequate procedures to satisfy the Fourteenth Amendment's procedural due process guarantee. <u>See</u> <u>Zinermon v. Burch</u>, 494 U.S. 113, 132 (1990)("where the State is truly unable to anticipate and prevent a random deprivation of a liberty interest, postdeprivation remedies might satisfy due process."). <u>See</u> <u>also</u> <u>Austin v. Lehman</u>, 893 F. Supp. 448, 454 (E.D.

---

[11] <u>See</u>, <u>e.g.</u>, <u>Collins v. Greene County Memorial Hosp.</u>, 615 A.2d 760 (Pa.Super. 1992)(involving a state law tort claim of battery against a doctor for sexual abuse); <u>Canavin v. Naik</u>, 648 F.Supp. 268 (E.D.Pa. 1986)(same).

Pa. 1995) (both inmate grievance procedure and state tort law action
constituted adequate post-deprivation remedies); Robinson v. Ridge,
996 F.Supp. 447, 450 n.4 (E.D. Pa. 1997)(DOC grievance procedure
constituted an adequate post deprivation procedure and hence no
procedural due process claim was able to be made), aff'd, 175 F.3d
1011 (3d Cir. 1999)(Table); Rogers v. Mrs. Brown, No. Civ. A. 95-7867,
1996 WL 608473, *2 (E.D. Pa. Oct. 24, 1996) (both DOC grievance
procedure and tort suit in state court may provide adequate post
deprivation remedies).

In addition, Plaintiff's procedural due process claims brought
pursuant to the Fifth Amendment must likewise be dismissed against Dr.
Herbik.  The Fifth Amendment's due process clause only protects
against federal governmental action.  See, Riley v. Camp, 130 F.3d
958, 972 n.19 (11th Cir. 1997)("The Fifth Amendment obviously does not
apply here--the acts complained of were committed by state rather than
federal officials.");  Wrinkles v. Davis, 311 F.Supp.2d 735, 738
(N.D.Ind. 2004) ("The Fifth Amendment's due process clause applies
only to acts of the federal government and does not limit actions of
state officials.").  Dr. Herbik is a state, not federal actor and
hence the Fifth Amendment is inapplicable.  Moreover, a due process
claim under the Fifth Amendment, assuming its applicability, would
simply be redundant to any due process claims under the Fourteenth
Amendment's due process clause.

**D.  Herbik's Rule 12(e) Motion for More Definite Statement**

22

Lastly, Defendant Herbik has sought to have this court grant his motion for more definite statement filed pursuant to Fed.R.Civ.P. 12(e).[12]  Specifically, he seeks to have the Plaintiff specify the dates whereon the denial of vertigo medication took place as well as the dates whereon Dr. Herbik is alleged to have denied Plaintiff knee braces. Doc. 32 at 11.  He seeks this information so as to possibly raise a statute of limitations defense.  Id.  As has been observed, "motions for more definite statements are not favored and the granting of such motions is within the sound discretion of the court."  Wheeler v. U.S. Postal Service, 120 F.R.D. 487, 488 (M.D.Pa. 1987).  "Thus, such motions are rarely granted, since pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim, and since there are ample provisions for discovery under FRCP 26-37 and for pretrial procedure under FRCP 16." 27A Fed.Proc., L.Ed. § 62:419.   In light of the language of Rule 12(e) and the policy considerations underlying notice pleading in the federal system, the court recommends denying Plaintiff's motion for a more definite statement.  See, e.g., Wheeler, 120 F.R.D. at 488 (denying motion for more definite statement that sought specific dates of the alleged violations holding that "[t]he specific information which the defendant seeks in this case, namely dates of violations, can be obtained through discovery.").

---

[12]  Herbik cites to "Fed.R.Civ.P. 12(m)." Doc. 32 at 11. However, there is no subdivision "m" to Rule 12.  The last subdivision is "h."

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. §636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

/s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Dated:  Nov. 2, 2006


cc:  Honorable Terrence F. McVerry
     United States District Judge

     William Harris
     CX-7039
     SCI Somerset
     1600 Walters Mill Rd.
     Somerset, PA 15510

     Bryan K. Shreckengost
     Pietragallo, Bosick & Gordon
     One Oxford Centre
     38th Floor
     Pittsburgh, PA 15219

     Craig E. Maravich
     Office of the Attorney General
     564 Forbes Avenue
     6th Floor, Manor Complex
     Pittsburgh, PA 15219